## Snoddy & Co. *v.* Allen & Belew.

**Default Judgment.**

> In a suit on a note where no answer was put in, nor allegation of payment by appellees, the appellants were entitled to a judgment by default.

APPEAL FROM UNION CIRCUIT COURT.

September 24, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellants sued the defendants as acceptors on a bill of exchange for $399.32, due at four months' date, and dated October 13, 1860; also by another action sued them on their note for $515.30, dated March 24, 1860, due at six months. To the first-named suit appellees answered alleging payment of $210, and as evidence thereof tendered appellants' letter to them, dated May 31, 1862, in which the acceptance of the $210 is acknowledged.

Judgment was rendered against them for the amount of said acceptance with credit for the $210, the other suit consolidated with it, and ordered that costs in but one suit should be recovered by appellants. At a subsequent term, without further pleadings or allegation of payment, the case was submitted to the judge who ordered appellants' suit to be dismissed, from which this appeal is prosecuted.

In this state of pleadings appellants were entitled to judgment on the note by default, as no answer was put in nor allegation made by appellees why judgment should not be rendered.

But if the case had to be decided on the confessions of the letter we are not prepared to say the judge was right in his construction.

This letter does say, true, that "when you were here, October 13, 1860, you paid us $426.15, and on the 26th of October, 1860, we received from the bank at Henderson $210, both of which sums are to your credit;" it then proceeds to rehearse the state of accounts, and says: "When you were here you gave us your acceptance, payable in bank, four months from October 13, 1860, for $399.32, which matured February 16, 1861, and was protested for nonpayment, *you owed us beside this acceptance for*

*your purchase made March* 24, 1860, $517.60, *upon which you could make no payment."* They then urge further payments.

It is evident that appellants meant to assert that the credit for the $426.15 had been applied as a credit to other indebtedness, as it distinctly asserts that upon the purchase of March 24, 1860, they could pay nothing; but if this were not so it is not perceived how $426.15 could discharge a note for $515.30, even if its payment had been averred by appellees. The fact that this note remained in appellants' hands, and an acceptance for the $399.32 at four months' time was given at the time this $426.15 was paid, strongly indicates that this payment was made on other indebtedness.

The appellants were a firm doing business in Louisville and appellees a firm doing business in the country, and it is presumable had made of appellants various purchases, but by proper allegations they can have and demand from appellants an exhibit of their accounts so as to show the exact balance remaining; but surely without allegation this letter, the only evidence in the case, should not be deemed sufficient to bar appellants' action.

Wherefore, the judgment is reversed, with directions to the court below to grant a new trial and for further proceedings in accordance herewith.